IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3101 |
| | ) | |
| v. | ) | |
| | ) | |
| HOWARD W. WILLIAM, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

This matter is before me for initial review[1] of Howard W. William's Motion to Vacate under 28 U.S.C. § 2255. (Filing 54.) He asserts a sentencing error and relies upon *Chambers v. United States*, 129 S. Ct. 687 (January 13, 2009) (the conviction regarding a "failure to report to prison" under Illinois law was not a "violent felony" for purposes of a sentencing enhancement under the Armed Career Criminal Act). After the motion was filed, and on June 2, 2009, I received letter from John W. Vanderslice, an Assistant Federal Public Defender. Vanderslice had represented William in the underlying criminal case. He suggested that I consider appointing counsel to allow that new lawyer to amend the section 2255 motion to assert an ineffective assistance of counsel claim against Vanderslice relating to his failure to

---

[1]When a § 2255 motion is forwarded to a judge,

> [t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*.

make a sentencing objection under *Chambers*. For the reasons expressed below, I deny the section 2255 motion with prejudice. I also decline to follow Mr. Vanderslice's well-meaning advice.[2]

## *I. BACKGROUND*

William was about 55 years of age (PSR at p. 2) when I sentenced him to 188 months in prison on January 9, 2008. (Filing 43.) In a cooperation plea agreement, he admitted that he was guilty of conspiracy to distribute 5 grams or more of crack cocaine. (Filings 25-32, 36.) In exchange for a plea to an information, the indictment was dismissed at sentencing.

Before I sentenced him on the instant offense, William had been to prison for federal and state drug, burglary, theft and escape felonies on seven separate occasions. (PSR Part B at pp. 9-17.) Those convictions took place between 1974 and 2002. However, since some of the convictions did not count due to their age, he "only" had 12 criminal history points. (PSR ¶ 65.) If one solely looked at those points, William's criminal history category would have been V. However, in the plea agreement, the parties stipulated that he should be treated as if he was in category VI because, as they put it, "any Criminal History Category lower than Category VI significantly under represents the Defendant's criminal history." (Filing 31 at CM/ECF p. 5.) That was an understatement.

William had another problem. In 2002, he failed to return to prison after a furlough and he was convicted of escape. (PSR ¶ 62.) Because he had two prior drug felonies (PSR ¶¶ 57, 59) and an escape conviction (PSR ¶ 62), his criminal

---

[2]I spoke by telephone with Mr. Vanderslice and Ms. Fullerton, the prosecutor in this case, on June 9, 2009. I told them that it was doubtful that I would follow Mr. Vanderslice's suggestion.

history category automatically became VI (PSR ¶ 66) even though the parties also agreed that it should be VI under any circumstance. More significantly, the escape conviction, coupled with the two drug convictions, made William a "career offender" under the provisions of U.S.S.G. § 4B1.1(b) and those three convictions boosted the total offense level from 25[3] (after acceptance of responsibility) to a level 31 (after acceptance of responsibility).  (*Compare* PSR ¶¶ 41-42 *with* PSR ¶¶ 45-46.)

After all was said and done, the Guidelines imprisonment range was 188 to 235 months in prison.  (PSR ¶ 114; filing 44 (Statement of Reasons).)   As indicated, William received a sentence of 188 months in prison.  (Filing 43.)

William did not appeal.   That was not strange.   After all, William received a sentence that was entirely consistent with the plea agreement's provisions[4] and, in addition, William had agreed to cooperate with the government.  (Filing 31 ¶¶ 3-4 (cooperation provisions of plea agreement) and ¶¶ 2a, 7-8 (sentencing stipulations of plea agreement).)

As he had hoped, the government found Willliam's cooperation substantial and on October 9, 2008, the government filed a motion for sentence reduction under Rule 35(b). (Filing 48.) On November 10, 2008, after hearing from William, Vanderslice and the prosecutor, I reduced the prison sentence to 96 months. (Filing 52.) William did not appeal.

---

[3]The parties agreed and I found that the base offense level (for the stipulated quantity of at least 35 grams but less than 50 grams) was 28. (E.g., PSR ¶ 36; filing 31 (plea agreement) at CM/ECF p. 4.)

[4]The parties had stipulated to the base offense level, acceptance of responsibility and criminal history and they also agreed that no departure or variance motion would be submitted by the defendant. (Filing 31.)

On May 28, 2009, William filed his 2255 motion. (Filing 54.) That was about 4 months after the Supreme Court decided *Chambers*.

## *II. ANALYSIS*

For a variety of reasons, *Chambers* does not help William. Briefly, I next explain why that is so.

First, William had two prior felony drug convictions (PSR ¶¶ 44, 57 and 59) and he would have been treated as a "career offender" under U.S.S.G. § 4B1.1(b)(B) even if the escape conviction would not have been considered a "crime of violence." Thus, *Chambers* does not matter even assuming that it applied.

Second, William's conviction and sentence was final before *Chambers* was decided in January of 2009 and that decision is not retroactive. Given the absence of an appeal, William's conviction and original sentence became final ten days after the entry of judgment. *See, e.g.*, *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005) (stating that since the defendant did not appeal, his conviction became final ten days after the entry of judgment) (citing Fed. R. App. P. 4(b)(1)(A); *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987)). Thus, the conviction and initial sentence became final on or about January 20, 2008. (*See* filing 43.) Moreover, and using the same logic, since there was no appeal of the Rule 35(b) ruling on November 10, 2008, the judgment issued pursuant to that reduction became final on or about November 21, 2008. (*See* filing 52.) In either case, by the time *Chambers* was decided, William's case was final. Since William's conviction (and prison sentence) was final before the Supreme Court's decision, the Court's decision does not apply retroactively. That is true because the decision was not a "watershed" decision relating to criminal procedure implicating the accuracy of the judicial process and because the substance of the drug law under which William was convicted was not changed by the decision. *See*, *e.g.*, *United States v. Narvez*, 2009 WL 1505658 (W.D.

-4-

Wis., May 26, 2009) (refusing to apply *Chambers* retroactively and denying a 2255 motion) (citing cases that refused to apply *Booker* retroactively).

Finally, William cannot establish that Vanderslice engaged in malpractice regarding the *Chambers* case and related principles or that anything Vanderslice did or failed to do regarding those matters prejudiced William.  Initially, the Supreme Court did not grant certiorari until April 21, 2008 in the *Chambers* case[5] and that was *after* William had been sentenced in January of 2008 to 188 months and after his case became final.  Vanderslice was not obligated to be a mind reader.  Moreover, since William received a huge reduction in his sentence as a result of a subsequent Rule 35 proceeding, and since William's criminal history is terrible, there is not the slightest reason to believe that an argument predicated upon the principles of *Chambers* would have changed a thing.

IT IS ORDERED that the Motion to Vacate under 28 U.S.C. § 2255 (filing 54) is denied with prejudice.   A separate judgment will be issued.

DATED this 12th day of June, 2009.

            BY THE COURT:

            *s/Richard G. Kopf*
            United States District Judge

---

[5]*Chambers v. United States*, 128 S. Ct. 2046 (U.S. Apr 21, 2008) (NO. 06-11206).